UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARY JO MERRITT and RICHARD MERRITT,

                Plaintiffs,

      -against-

COUNTY OF SUFFOLK, PAUL RUOTOLO,
STEPHEN HEMBERGER, SGT. PETER
HANSEN, CAPTAIN READ, STEPHANIE
BUCHINSKI, THOMAS GUARINO and LT.
O'CARROLL,

                Defendants.
----------------------------------------------------------------X

ORDER
13-CV-1940(JFB)(GRB)

JOSEPH F. BIANCO, District Judge:

On February 11, 2014, defendants Thomas Guarino and Stephanie Buchinski filed an amended answer. (Docket No. 43.) By motion dated February 21, 2014, *pro se* plaintiff Richard Merritt moves to strike the first affirmative defense and the counterclaim asserted in the amended answer. The Court *sua sponte* addresses the motion and denies it for the following reasons.

I.    Background

On December 12, 2013, the Court denied the motion to dismiss for lack of subject matter jurisdiction filed by Guarino and Buchinski. Defendants had argued that the Court lacked supplemental jurisdiction over their claims. On January 29, 2014, defendants requested leave to amend the pleadings to enter a counterclaim against plaintiffs. (Motion to Amend, Docket No. 41.) Defendants stated that the counterclaim was not included in the original answer because they did not believe that supplemental jurisdiction existed. (*Id.*) Mr. Merritt opposed, arguing that defendants' answer admitted that jurisdiction and venue were proper in the Eastern District

of New York because the answer did not deny plaintiff's corresponding allegations;[1] complained that having to respond to any amended answer would affect the discovery schedule; and took issue with the potential counterclaim. (Opposition to Motion to Amend, Docket No. 42.) Magistrate Judge Brown granted the motion to amend on February 6, 2014.

The amended answer reasserts the affirmative defense that the Court lacks supplemental jurisdiction over Guarino and Buchinksi. (Amended Answer ¶ 4.) The counterclaim is brought on behalf of Buchinski and alleges "common law claims against both Plaintiffs for assault and battery." (*Id.* 21.) Buchinski alleges that on or about April 9, 2012, plaintiffs entered the restaurant owned by Guarino, and that Buchinski was present. (*Id.* ¶ 22.) Mrs. Merritt allegedly told Buchinski, "We have pictures of you and you and your scumbag piece of (expletive) boyfriend and he's going down." (*Id.* ¶ 23.) Buchinski followed plaintiffs out of the restaurant to acquire video proof of their presence, intending to present the video to Guarino's attorney "in case Mr. Merritt's presence was considered to be some form of professional misconduct due to the fact that Plaintiff Mr. Merritt was the representative of Defendant GUARINO'S ex-wife in their unrelated" family court proceedings. (*Id.* ¶ 25.) Mrs. Meritt then allegedly walked up to Buchinski, slapped Buchinksi's camera phone out of her hand, and punched Buchinksi in the face. (*Id.* ¶ 26.) Mr. Merritt then allegedly grabbed Buchinski's arm and punched her in the head. (*Id.* ¶ 27.) Buchinski claims she suffered serious injuries, shock, and mental anguish. (*Id.* ¶ 28.)

II.  Standard of Review

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure,

---

[1] Paragraph 11 of the complaint alleges that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Paragraph 12 alleges that venue is proper in the Eastern District of New York.

which provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Resolution of a Rule 12(f) motion is left to the district court's discretion." *EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004). However, motions to strike are disfavored. *See Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 357 (E.D.N.Y. 2008). To prevail, a movant typically must show that there is no question of fact which might allow the defense to succeed, there is no substantial question of law under which the defense could succeed, and that the movant is prejudiced by inclusion of the defense. *See Cnty. Vanlines Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 153 (S.D.N.Y. 2002) (quoting *SEC v. Toomey*, 866 F. Supp. 719, 722 (S.D.N.Y. 1992)).

III. <u>Discussion</u>

    A.    Affirmative Defense

Mr. Merritt argues that the affirmative defense must be stricken because defendants waived the jurisdictional defense and the Court has ruled on the issue. The Court disagrees.

Lack of supplemental jurisdiction can be asserted at any time. *E.g.*, *Hughes v. Patrolmen's Benev. Ass'n of City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988) ("Federal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* by a federal court when there is an indication that jurisdiction is lacking."); *see also* Fed. R. Civ. P. 12(h)(3). Defendants have not asserted that venue otherwise is improper in this district. Mr. Merritt incorrectly conflates jurisdiction with venue, an issue defendants waived because they did not otherwise object to venue in the original answer. *See* Fed. R. Civ. P. 12(h)(1)(A) (addressing waiver of Rule 12(b)(3) defense)). More importantly, it is not improper,

much less sanctionable, for Guarino and Buchinski to have included and thus preserved the jurisdictional defense despite this Court's ruling on the motion to dismiss. Defendants are entitled to preserve objections to jurisdiction, even if they also must accept the Court's decision at this juncture. Defendants' motion was not frivolous, and there is no evidence that defendants are seeking to delay discovery. It also is possible, for example, that new facts or law may develop during this litigation that would affect the Court's finding of supplemental jurisdiction. Therefore, the Court's finding of supplemental jurisdiction (or on any other affirmative defense or claim, for that matter), is not grounds for striking the defense from the pleading.

B.  Counterclaim

Mr. Merritt argues that the counterclaim must be stricken because the amendment will shorten plaintiffs' time to conduct discovery and requires them to resubmit discovery demands. The Court finds that Mr. Merritt has not shown any prejudice from the amendment, which was allowed over his objection by Judge Brown. First, the counterclaim clearly alleges assault and battery and is confined to a discreet date and time. Second, the discovery scheduling conference occurred on January 27, 2014. The parties agreed that pleadings could be amended by February 27, 2014, that the first requests for production of documents and interrogatories are due by March 27, 2014, and that fact discovery shall end by October 27, 2014. (Discovery Scheduling Order, Docket No. 40.) Thus, the parties clearly contemplated the possibility that pleadings would be amended, and defendants' amendment was timely. Moreover, months remain in the discovery schedule, and the Court is confident that Judge Brown can adequately address any discovery concerns that may arise. Mr. Merritt's claim of prejudice, therefore, is not borne out by any facts before the Court. Therefore, there is no basis to strike the counterclaim from the

4

pleading.

IV.     Conclusion

For the foregoing reasons, Mr. Merritt's motion to strike the first affirmative defense and counterclaim in the amended answer filed by defendants Guarino and Buchinksi is denied.

SO ORDERED.

_____

Joseph F. Bianco
United States District Judge

Dated: February 24, 2014
       Central Islip, NY