UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARY JO MERRITT and RICHARD MERRITT,

                Plaintiffs,

             -against-

COUNTY OF SUFFOLK, PAUL RUOTOLO,
STEPHEN HEMBERGER, SGT. PETER
HANSEN, CAPTAIN READ, STEPHANIE
BUCHINSKI, THOMAS GUARINO and LT.
O'CARROLL,

                Defendants.
----------------------------------------------------------------X

ORDER
13-CV-1940(JFB)(GRB)

JOSEPH F. BIANCO, District Judge:

On February 11, 2014, defendants Thomas Guarino and Stephanie Buchinski filed an amended answer. (Docket No. 43.) By motion dated February 21, 2014, *pro se* plaintiff Richard Merritt ("Mr. Merritt" or "plaintiff") moved to strike the first affirmative defense and the counterclaim asserted in the amended answer. The Court denied the motion on February 24, 2014. On February 26, 2014, Mr. Merritt moved for reconsideration. Plaintiff argues that the Court should reconsider its denial of the motion to strike the counterclaim because (1) the counterclaim includes affirmative defenses, and (2) the Court must inform the parties how it will treat the pleadings pursuant to Federal Rule of Civil Procedure 8(c). Plaintiff complains that the Court did not state how it would treat the repeated affirmative defenses in a counterclaim or how it would treat an answer to a complaint that was re-alleged in a counterclaim. Plaintiff states that defendants failed to include a plain statement of jurisdiction in their counterclaim (given their contention that there is no supplemental jurisdiction), that the Court's order denying defendants' motion to dismiss for lack of supplemental jurisdiction did not mention jurisdiction or specify the law upon which the Court's decision was based, and that the Court's denial of the motion to strike did not consider the absence

of a jurisdictional allegation. Plaintiff requests that if the Court denies the instant motion, it provide guidance as to which affirmative defenses and answer should be answered because they are in the counterclaim, along with the grant of an extension of time to respond to the counterclaim. The Court *sua sponte* addresses the motion and denies it for the following reasons.

I.      Standard of Review

Motions for reconsideration may be filed pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Id.* (internal quotation omitted). "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." *Id.* (internal quotation omitted).

Rule 60(b) of the Federal Rules of Civil Procedure also permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); *House v. Sec'y of Health & Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982). Specifically, Rule 60(b) provides that relief may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994).

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see Medoy v. Warnaco Emps. Long Term Disability Ins. Plan*, 97 CV 6612 (SJ), 2006 WL 355137, at *1 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

II.   Discussion

As a threshold matter, plaintiff did not discuss any Rule 8 issues in his motion to strike. Thus, plaintiff is raising a new argument as to why the counterclaim should be stricken, which is not a grounds for reconsideration. Regardless, the Court denies the motion on its merits.

First, it is obvious that Guarino and Buchinski's counterclaim is a counterclaim. It has not been mistakenly designated as something different and, thus, it is of no moment that defendants have re-alleged paragraphs from their answer in their counterclaim. *See* Fed. R. Civ. P. 8(c). Second, as the Court stressed when it denied the motion to strike, the Court has concluded that there is supplemental jurisdiction at this juncture. Defendants, of course, are entitled to preserve their objection to jurisdiction, but the fact that they have done so does not violate Rule 8(a). *See* Fed. R.

Civ. P. 8(a) (no statement of jurisdiction required "unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it"). Moreover, Guarino and Buchinski recognize, as they noted in their motion to amend (Docket No. 42), that the Court's jurisdiction over the counterclaim rises and falls with the Court's jurisdiction over the claims against them.

In short, the Court holds that it has supplemental jurisdiction over Guarino's and Buchinski's counterclaim at this juncture for the same reasons that were stated on the record on December 12, 2013.[1] Defendants' decision to re-allege that affirmative defense as part of their answer and their counterclaim does not change that fact. Plaintiff should answer the counterclaim and its allegations as he deems appropriate. The Court cannot provide legal advice. Out of an abundance of caution, the Court shall extend plaintiff's time to respond to the counterclaim by fourteen (14) days.

III.  Conclusion

For the foregoing reasons, Mr. Merritt's motion for reconsideration is denied. Plaintiff's time to respond to the counterclaim is extended by fourteen (14) days.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February __, 2014
       Central Islip, NY

---

[1] The order at Docket No. 38 memorializes that the Court denied the motion to dismiss for lack of jurisdiction during the telephone conference on December 12, 2013. If plaintiff wants a transcript of the Court's oral ruling, he may request one through the Clerk's Office.