```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------   X
                                                                     :
MARY JO MERRITT and                                                  :    13-cv-1940 (ARR) (AYS)
RICHARD MERRITT,                                                     :
     Plaintiffs                                                      :    NOT FOR PRINT OR
                                                                     :    ELECTRONIC
          -against-                                                  :    PUBLICATION
                                                                     :
COUNTY OF SUFFOLK et al.,                                            :    OPINION & ORDER
     Defendants.                                                     :
                                                                     X
------------------------------------------------------------------
```

ROSS, United States District Judge:

Plaintiffs Mary Jo Merritt and Richard Merritt bring this civil rights action against the County of Suffolk, Police Officer Paul Ruotolo, Police Officer Stephen Hemberger, Sergeant Peter Hansen, Captain Read and Lieutenant Richard O'Carroll (collectively "County Defendants") under 42 U.S.C. § 1983 and New York state law. In addition, this suit includes causes of action under New York state law against private individuals Stephanie Buchinski and Thomas Guarino. All of the claims arise from an April 2012 altercation between the plaintiffs and Mrs. Buchinski and Mr. Guarino, as well as the Suffolk County police department's actions in the aftermath of the incident. Richard Merritt and the County Defendants filed cross-motions for summary judgment. For the reasons explained below, Mr. Merritt's motion is denied, and County Defendants' motion is granted in part and denied in part. The only cause of action remaining against any of the County Defendants after this order is Mrs. Merritt's claim for false arrest. All other causes of action against County Defendants are dismissed.

1

# BACKGROUND

On April 9, 2012, Richard Merritt and his wife Mary Jo Merritt visited a pizzeria owned by Thomas Guarino. Pl. Mary Jo Merritt's Counter-Statement to Defs.' Local Rule 56.1 Statement ("MJM 56.1") ¶ 2, ECF No. 162-17. Mr. Merritt, an attorney, was representing Mr. Guarino's ex-wife in a child support proceeding. *Id.* ¶ 1. County Defendants allege Mr. Merritt went to the pizzeria with his wife to "personally assess its level of business for purposes of the child support case." *Id.* ¶ 2. Mrs. Merritt claims she was unaware that this was her husband's reason for visiting the pizzeria. *Id.*

After the Merritts finished eating and exited the pizzeria, a dispute arose between Mrs. Merritt and Mr. Guarino's girlfriend, Stephanie Buchinski. *Id.* ¶¶ 3; 28–30. The dispute escalated into a physical scuffle involving both women as well as Mr. Merritt and Mr. Guarino. *Id.* ¶ 3.

According to Mrs. Merritt[1], Ms. Buchinski followed her and her husband into the parking lot, shouting insults and slurs. *Id.* ¶ 30. Ms. Buchinski began taking pictures of what she apparently believed to be the Merritts' car. Mary Jo Merritt Dep., Mishkin Decl. Ex. 1 ("MJM Dep.") 94:2–11., ECF No. 162-18. Mrs. Merritt then took pictures of Ms. Buchinski. *Id.* 94:18–25. Ms. Buchinski responded by attacking Mrs. Merritt, repeatedly striking her in the face, knocking her phone out of her hand and her glasses off her face, and continuing to hit her after both women fell to the ground. MJM 56.1 ¶¶ 33–35; 39. Mr. Merritt tried to intervene, but was pushed away by Mr. Guarino, who also intervened. *Id.* ¶ 36. Mr. Merritt also alleges that Ms. Buchinski struck him multiple times. *See* Richard Merritt Aff., Richard Merritt's Mot. for Summ. J. at 16 ¶ 13, ECF No.

---

[1] I rely primarily on Mrs. Merritt's deposition for purposes of this motion because it is the most complete account of the incident provided in the evidence submitted. The County Defendants do not provide any account of what occurred before the police arrived. Moreover, on defendants' motion for summary judgment I must draw all inferences in favor of the plaintiffs. *See Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994).

152. Mr. Guarino pulled Mrs. Merritt by her jacket, tearing the jacket. MJM 56.1 ¶ 37. Mr. Merritt helped his wife get up off the ground and Ms. Buchinski and Mr. Guarino walked back into the pizzeria. *Id.* ¶ 40.

Both Mrs. Merritt and Mr. Guarino called 911. *Id.* ¶ 4. Police Officers Paul Ruotolo and Steven Hemberger came to the scene, later followed by Sergeant Peter Hansen. *Id.* ¶ 5. According to the deposition testimony of Yadira Velazquez, an employee of the pizzeria, Officers Ruotolo and Hemberger had a pre-existing relationship with Thomas Guarino. Velazquez Dep. Mishkin Decl. Ex. 4 at 45:20–47:2, ECF No. 162-18. She stated that the two officers were regular customers at the pizzeria and that Mr. Guarino gave them free food. *Id.* 43:12–19, 45:6–19, 49:6–15. She also testified that these two officers had responded to other incidents at the pizzeria. *Id.* 46:23–48:3. Officer Ruotolo denied any relationship with Mr. Guarino. Defs.' Reply to Richard Merritt's Response to Mot. for Summary J., Ex. A, Ruotolo Dep. 34:10–14, ECF No. 158-2.. He further stated that he ate at the restaurant only once and did not receive free food. *Id.* 34:15–35:13.

Mrs. Merritt testified in her deposition that when the two police officers arrived, she and her husband were waiting in the street. MJM Dep. 132:24–133:12. Mr. Merritt approached the officers, asking to make a statement. *Id.* The two officers "walked right past" them and said, "[W]e're going to go in there [the pizzeria] and find out what happened first." *Id.* At the time Officers Ruotolo and Hemberger walked past her, Mrs. Merritt's mouth was bruised and bleeding, and her face was visibly swollen. *Id.* 198:2–16. The two officers then entered the pizza parlor, and remained inside for approximately fifteen minutes. *Id.* 196:14–20.

It is unclear what transpired when Officers Ruotolo and Hemberger entered the pizzeria. Ms. Buchinski testified that she had absolutely no memory of even speaking with the police that day. *See* Buchinski Dep, 150:7–151:19; 167:7–168:10, Mishkin Decl. Ex. 6, ECF No. 162-18.

Officer Hemberger testified that he and Officer Ruotolo "spoke to [Ms. Buchinski] inside the restaurant multiple times." Hemberger Dep. Mishkin Decl. Ex. 3 at 55:7–11, ECF No. 162-18. The only mention of the substance of those conversations in the record is Officer Hemberger's testimony that "she wanted to know what the options were. She was unfamiliar with the law." *Id.* 55:4–6.

Officer Hemberger testified that after his conversation with Ms. Buchinski, he gave her a civilian arrest form, which she signed, understanding that she had made an arrest. *See id.* 53:18–55:6. She did not approach him to make this arrest. *Id.* Ms. Buchinski's name and apparent signature appear on a civilian arrest form which states, in part, the following:

> I Buchinski, Stephanie 2/22/1963 3118 Somerset Drive Seaford 11783 631 374 4409 have this date arrested one Merritt, Mary Jo 6/4/52 13515 Carnoustie Cir Dade City FL upon my charge of pl 240.26 Harassment 2nd and demand that Officer Hemberger #1204 of the Police Department, County of Suffolk, take said arrestee into custody.

Civilian Arrest Form, Defs.' Mot. for Summ. J. Ex. I, ECF No. 162-10. At her deposition, Ms. Buchinski testified that she did not recall making a civilian arrest or signing the form, and that the signature on the form did not look like hers. MJM 56.1 ¶ 11.

Officer Ruotolo also questioned Yadira Velasquez. *Id.* ¶ 6. Officer Ruotolo wrote out a statement about the incident, which Ms. Velasquez signed. *Id.* ¶ 7. The signed statement reads as follows:

> On April 9, 2012 at hrs I observed the lady from the Pizza place, identified to me as Stephanie, walk outside into the parking lot and attempt to take a picture of a vehicle in the parking stop. The other lady, identified to me as Mary Jo began to take pictures of Stephanie. Mary Jo grabbed at Stephanie's phone and when Stephanie pulled her hand back, Mary Jo struck Stephanie in the face with a closed fist. Both ladies grabbed each other and fell to the ground. The man with Mary Jo, identified to me as Richard, pulled Stephanie's arm and wouldn't let go. Stephanie pulled her arm back in an effort to release Richard's grip and her arm made contact with face.

Velazquez Statement, Defs.' Mot. for Summ. J. Ex. F, ECF No. 162-7. She signed twice, once on a diagonal line directly under the statement, and again at the bottom of the page under a statement that reads, "False statements made herein are punishable as a class 'A' misdemeanor pursuant to Section 210.45 of the Penal Law." *Id.*

In her deposition, Ms. Velasquez testified that the statement she signed was not accurate and does not reflect what she told the Officer Ruotolo. *Id.* ¶ 7. She claimed that she actually told Officer Ruotolo that Ms. Buchinski punched Mrs. Merritt first. *Id.* She stated she did not read the statement before signing it. *Id.*

Some time later, Sergeant Peter Hansen arrived on the scene, and a decision was made to arrest Mrs. Merritt. Ruotolo Dep. Mishkin Decl. Ex. 2 at 28:20–29:12, ECF No. 162-18. Mrs. Merritt complained of feeling faint, and was transported by ambulance to Southside Hospital. MJM 56.1 ¶ 12. The officers went with her to the hospital because she was under arrest. *Id.* At the hospital, they issued a field appearance ticket to her. *Id.* ¶ 13. "She was released from the hospital after spending approximately 2 hours in the emergency room." *Id.*

Defendants assert that on April 13, 2012, Ms. Buchinski commenced a prosecution against Mrs. Merritt for harassment, by signing, under oath, a Violation Information alleging that Mrs. Merritt struck her in the face with a closed fist. *Id.* ¶ 14. Defendants have submitted the signed Violation Information as evidence, Defs.' Mot. for Summ. J. Ex. L, ECF No. 162-13, but Mrs. Merritt disputes its veracity because in her deposition, Ms. Buchiski did not remember completing the form, and stated that the signature did not look like hers. MJM 56.1 ¶ 14.

On June 17, 2013 the harassment charge against Mrs. Merritt was dismissed. *Id.* ¶ 16. She was required to appear in court approximately six times before her charges were dismissed. *Id.* ¶ 80.

The Merritts brought this lawsuit against the County Defendants, Mr. Guarino, and Ms. Buchinski. The claims against the county defendants are as follows:

(1) False arrest/imprisonment of Mary Jo Merritt
(2) Malicious prosecution of Mary Jo Merritt
(3) Denial of Mary Jo Merritt's right to counsel
(4) Violation of Mary Jo Merritt's due process rights
(5) Violation of Richard and Mary Jo Merritt's equal protection rights
(6) Violation of Mary Jo's rights because of a failure to supervise or train police

*See* Am. Compl. ¶¶ 108–67, ECF No. 78. Mr. Merritt moved for summary judgment on his claim against the County Defendants, and the County Defendants moved for summary judgment on all of the claims against County Defendants.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "can affect the outcome under the applicable substantive law[.]" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). A genuine dispute is one that can "reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In performing this analysis, I must resolve all ambiguities and draw all inferences in favor of the non-moving party. *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994). "If, in this generous light, a material issue is found to exist, summary judgment is improper, and the case must proceed to trial." *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999) (quoting *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985), *superseded on other grounds by rule*, Fed. R. Civ. P. 11, *as recognized in Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012)).

The moving party may demonstrate that there is no genuine dispute "by showing that little or no evidence may be found in support of the nonmoving party's case." *Gallo*, 22 F.3d at 1223–

24 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If this burden is met, the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial." *LaBounty v. Coughlin*, 137 F.3d 68, 73 (2d Cir. 1998). "Speculation, conclusory allegations and mere denials are not enough to raise genuine issues of fact." *Bacchus Assocs. v. Hartford Fire Ins. Co.*, 766 F. Supp. 104, 108 (S.D.N.Y. 1991). "The nonmoving party cannot defeat summary judgment by 'simply show[ing] that there is some metaphysical doubt as to the material facts,' or by a factual argument based on 'conjecture or surmise.'" *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (alteration in original) (first quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), then quoting *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991)). If "no rational finder of fact 'could find in favor of the nonmoving party because the evidence to support its case is so slight,' summary judgment must be granted." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010)).

## DISCUSSION

The plaintiffs bring six causes of action against the County Defendants: (1) false arrest/imprisonment; (2) malicious prosecution; (3) denial of the right to counsel; (4) violation of due process rights; (5) violation of equal protection rights, and (6) failure to train/supervise. The majority of these claims pertain only to Mary Jo Merritt, with the exception of the fifth cause of action, which is brought by both Mary Jo Merritt and Richard Merritt. The County Defendants moved for summary judgment on all the claims against them. Richard Merritt brought a cross-motion for summary judgment on his claim against County Defendants.[2] I will address each claim in turn.

---

[2] Mr. Merritt's motion attempts to raise several additional causes of action against County Defendants, beyond the one cause of action pled in the complaint. That is not permitted, and I will not address those claims. *See Evans-*

## I. False Arrest

To state a claim for false arrest[3] under the Fourth Amendment or under New York state common law, "a plaintiff must show that: (1) the defendant intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise justified." *Douglas v. City of New York*, 595 F. Supp. 2d 333, 339–40 (S.D.N.Y. 2009) (citing *Posr v. Doherty*, 944 F.2d 91, 97 (2d Cir. 1991)). Probable cause is a complete defense against claims of false arrest. *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013) (citing *Torraco v. Port Auth. of N.Y. and N.J.*, 615 F.3d 129, 139 (2d Cir. 2010)). Probable cause exists when a police officer has "knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Finigan v. Marshall*, 574 F.3d 57, 62 (2d Cir. 2009) (quoting *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007)). "[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, who it seems reasonable to believe is telling the truth." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) (quoting *Miloslavsky v. AES Eng'g Soc'y*, 808 F. Supp. 351, 355 (S.D.N.Y.1992), *aff'd*, 993 F.2d 1534 (2d Cir.1993)).

Here, the County Defendants hinge their case for probable cause on two documents: a civilian arrest form bearing Stephanie Buchinski's name and a witness statement signed by Yadira Velazquez. The civilian arrest form states that Ms. Buchinski is charging Mrs. Merritt with

---

*Gadsden v. Bernstein Litowitz Berger & Grossman, LLP*, 491 F. Supp. 2d 386, 402 (S.D.N.Y. 2007), *aff'd sub nom. Gadsden v. Bernstein Litowitz Berger & Grossman*, 323 F. App'x 59 (2d Cir. 2009*)* ("Plaintiff here cannot raise a new claim for the first time in a cross-motion for summary judgment[.]")

[3] Under the circumstances of this case, claims for false arrest and false imprisonment are essentially the same, so I will refer to them collectively as a false arrest claim. *See, e.g.*, *Otero v. Town of Southampton*, 194 F. Supp. 2d 167, 178–80 (E.D.N.Y. 2002) *aff'd*, 59 F. App'x 409 (2d Cir. 2003).

harassment in the second degree, and demands that Office Hemberger take her into custody. *See* Civilian Arrest Form. Ms. Velazquez's signed statement says that Mrs. Merritt initiated the fight by grabbing Ms. Buchinski's phone and punching her in the face. *See* Velazquez Statement.

Ordinarily, these two documents would be more than sufficient to establish probable cause as a matter of law. But here, plaintiff has provided evidence to challenge the veracity of both documents. Ms. Buchinski testified under oath at her deposition that she has no memory of signing the civilian arrest form, and, importantly, that the signature on the form did not look like hers. *See* MJM 56.1 ¶ 11. Ms. Velazquez testified under oath at her deposition that it was actually Ms. Buchinski who started the fight, and she had told the officers that when they interviewed her. *See id.* ¶ 7.

Defendants raise a few arguments to try to overcome plaintiff's challenge to the documents, but they are not successful. While defendants are correct that the warning on both forms about potential criminal penalties serves as an indicator of reliability, *see* Defs.' Mot. for Summ. J. 10, the same can be said of statements made under oath at a deposition. Defendants' argument that Ms. Velasquez's deposition testimony "is incredible on its face" asks me to evaluate the credibility of a witness, which I will not do on a motion for summary judgment. *See* Defs.' Reply to MJM's Opp. to Summ. J. Mot. ("Defs.' Reply") 2, ECF No. 163. Finally, defendants argue that "Buchinski's recollection, or lack thereof, is beside the point[]" because probable cause is determined from the perspective of the officer. *Id.* But Buchinski's lack of recollection or recognition of her signature on the form, and the events of that day, is certainly an oddity which raises questions about the basis for the arrest.

There is a notable absence in the record of any evidence from the officers' perspective about what Ms. Buchinski or Mr. Guarino told them when they entered the pizzeria. Officer

9

Hemberger testified that he and Officer Ruotolo "spoke to [Ms. Buchinski] inside the restaurant multiple times" about her "options." Hemberger Dep. 55:4–11. Ms. Buchinski repeatedly stated at her deposition that she does not remember whether these conversations even occurred, much less the content of the conversations. *See* Buchinski Dep. 150:7–151:19; 167:7–168:10. An explanation of the actual substance of the conversations from the officers' point of view could shed light on the basis for probable cause in this case, but none is provided. Instead, defendants rely solely on the two written documents, both of which have been called into a question.

There are many possible explanations for why the deposition testimony contradicts the written record. Evaluating the evidence and determining witness credibility are tasks for the jury, not the court. These disputes of material fact preclude me from making a determination as to whether there was probable cause or arguable probable cause for Mrs. Merritt's arrest.

Neither party has briefed or submitted evidence as to the issue of which officers were personally involved in the arrest, so as to be potentially liable for false arrest. Mrs. Merritt brings this claim against Officer Ruotolo, Officer Hemberger, Officer Hansen, Captain Read, and Lieutenant O'Carroll. Ruotolo, Hemberger, and Hansen were all present at the scene, and seem to be appropriate defendants. I am skeptical, based on the evidence currently before me, that Captain Read or Lieutenant O'Carroll were personally involved. However, as this issue was not raised in defendants' motion, plaintiff was not required to produce evidence on it, so I will not make a judgment as to the proper individual defendants at this time.

In their reply, defendants argue, for the first time, that the County of Suffolk cannot be held liable on any pendant state law claims because of Mrs. Merritt's failure to attend a hearing required by N.Y. Gen. Mun. Law § 50-h. *See* Defs.' Reply, 4–5. Presumably this refers to Mrs. Merritt's New York state false arrest claim, which the County could be liable for on the basis of *respondeat*

*superior* liability. I will not rule on this issue as Mrs. Merritt was given no opportunity to respond, and I note that compliance with § 50-h can be "excused in extraordinary circumstances." *Duncan v. City of New York*, Nos. 11-CV-3901 (ENV)(JO), 12-CV-1565 (ENV)(JO), 2017 WL 3105856, at *5 (E.D.N.Y. July 21, 2017), *adhered to on denial of reconsideration*, No. 11-CV-3901(ENV)(JO), 2018 WL 3421312 (E.D.N.Y. July 13, 2018).

Thus, I deny summary judgment on the first cause of action, and allow Mrs. Merritt to proceed with her false arrest claim against all County Defendants.

## II.  Malicious Prosecution

A § 1983 malicious prosecution claim requires establishing the following elements:

> (1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor.

*Rohman v. New York City Transit Auth. (NYCTA)*, 215 F.3d 208, 215 (2d Cir. 2000); (quoting *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 417 (2d Cir.1999)).

Mrs. Merritt is unable to satisfy the fourth element, that the prosecution was terminated in her favor. The charge against her was dismissed without any explanation from the court. *See* Mins. of State Court Proceeding Defs.' Mot. for Summ. J., Ex. M, ECF No. 162-14. As a matter of law, such dismissals do not constitute favorable terminations. *See, e.g.*, *Lanning v. City of Glen Falls*, 908 F.3d 19, 28–29 (2d Cir. 2018). Thus, I grant summary judgment for defendants on plaintiff's second cause of action.

## III.  Right to an Attorney

Plaintiff's third cause of action alleges that Mrs. Merritt was denied the right to counsel, in violation of the Sixth Amendment. Am. Compl. ¶ 132. "The Sixth Amendment right to counsel does not attach until 'the time that adversary judicial proceedings have been initiated.'" *Nimkoff v. Dollhausen*, 751 F. Supp. 2d 455, 465 (E.D.N.Y. 2010) (quoting *Kirby v. Illinois*, 406 U.S. 682,

688 (1972)). Under New York law, adversary judicial proceedings are initiated by filing an accusatory instrument. *Id.* (citing *People v. Blake*, 320 N.E.2d 625, 631 (N.Y. 1974)). Mrs. Merritt's claims relate to events that took place before the initiation of criminal proceedings. *See* Compl. ¶¶ 129–32. Because she has provided no evidence of an interference with her right to counsel after the initiation of criminal proceedings, I grant summary judgment for defendants as to this cause of action.

### IV. Due Process

Plaintiff's fourth cause of action alleges that County Defendants deprived Mrs. Merritt of a liberty interest by arresting and detaining her without probable cause, in violation of the Fourteenth Amendment. Am. Compl. ¶¶ 135–41. This claim is not properly stated under the Fourteenth Amendment, but instead, should be brought as a Fourth Amendment challenge, as it is in cause of action one. *Pukhovich v. City of New York*, No. 16-CV-1474(KAM)(PK), 2018 WL 4688943, at *8 (E.D.N.Y. Sept. 27, 2018) (citing *Russo v. City of Bridgeport*, 479 F.3d 196, 208 (2d Cir. 2007)) ("[P]laintiff's claims are properly analyzed as false arrest claims implicating his fourth amendment right to be free from unreasonable seizures, and not under the due process clause of the fourteenth amendment."). Thus, I dismiss cause of action four both because it is duplicative of cause of action one and because it alleges the wrong constitutional standard.

### V. Equal Protection

The fifth cause of action is brought by both Mrs. and Mr. Merritt, and charges an equal protection violation because the police refused to take their complaint, but did take a complaint from Mr. Guarino and Ms. Buchinski, allegedly pursuant to Suffolk County policy. Am. Compl.,

¶¶ 143–49, 158–61.[4] Both Mr. Merritt and the County Defendants move for summary judgment on this claim.

Plaintiffs allege that the Suffolk County police and the Suffolk County District Attorney have "an unconstitutional policy of 'first-come, first-served' when a complaint involving an altercation is received," and that the individual defendants carried out this policy when they refused to take a complaint from the Merritts. *Id.* ¶¶ 143–45. Plaintiffs are correct that such a policy would be unconstitutional. *See Myers v. Cty. of Orange*, 157 F.3d 66, 69 (2d Cir. 1998). But plaintiffs have provided no evidence that such a policy exists in Suffolk County.

Evidence of a policy, practice, or custom is a prerequisite to any § 1983 claim against a municipality. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). "[A] custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee[.]" *Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008). Because plaintiffs do not provide any evidence of a policy, practice or custom beyond their allegations about what occurred on April 9, 2012, I grant summary judgment for defendants on this cause of action.

## VI. Failure to Supervise/Train

Plaintiffs' sixth cause of action alleges that Captain Read and Sergeant Hansen sanctioned the false arrest of Mrs. Merritt, and that Suffolk County has a policy and practice of failing to train and supervise police officers. *See* Am. Compl. ¶¶ 163–66.

First addressing the claims against Captain Read and Sergeant Hansen, plaintiff's claims appear to be based solely on the fact that these two individuals were supervisors. But "[a]

---

[4] This section of the complaint also appears to be attempting to incorporate claims about *Miranda* rights, as well as the release of medical records. *See* Am. Compl. ¶¶ 151–57. Plaintiffs never explain these claims, or how they connect to the equal protection clause. Thus, my analysis here focuses solely on the issue of refusal to take a police complaint.

13

defendant's supervisory authority is insufficient in itself to demonstrate liability under § 1983." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 101 (E.D.N.Y. 2016) (quoting *LaMagna v. Brown*, 474 F. App'x. 788, 789 (2d Cir.2012) (summary order)). "[T]o establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). If either Captain Read or Sergeant Hansen was personally involved in a false arrest, that issue is already addressed by the first cause of action. A second cause of action re-articulating the same claim as a "failure to supervise" is duplicative.

Turning to the claims against Suffolk County, as noted above, plaintiffs have submitted no evidence about any Suffolk County policy or practice. Plaintiff argues, incorrectly, that Sergeant Hansen's conduct as a supervisor can "impute[] liability to the County." *See* Pl. MJM's Mem. of Law in Opp. to Defs.' Mot. for Summ. J. 11, ECF No. 162- 19. The County Defendants are correct that "[i]t is black letter law that *respondeat superior* does not lie under § 1983." *See* Defs.' Mot. for Summ. J. 24; *see also Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."). Thus, no *Monell* claim can be sustained on a policy or practice of failure to train or supervise, and I grant summary judgment to defendants on this cause of action.

## CONCLUSION

For the foregoing reasons, Richard Merritt's motion for summary judgment is denied, and the County defendants' motion for summary judgment is granted in part and denied in part. Specifically, the defendants' motion is denied as to the first cause of action, and granted as to the second through sixth causes of actions. Mr. Merritt's claim against the County Defendants is

14

dismissed, and the only remaining issue involving County Defendants is Mrs. Merritt's claim of false arrest pursuant to both § 1983 and New York state law.

SO ORDERED.

Date:   February 26, 2020                                          ___/s/_____

        Brooklyn, New York                                         Allyne R. Ross